IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEAN CHAMNESS, as
Administrator of the
Estate of TIMOTHY CHAMNESS,
Deceased,

Plaintiff,

v.                                                                          No. 13-1218-DRH

JOY GLOBAL UNDERGROUND
MINING, LLC, a limited liability
corporation, GARY POWELL and
DONALD LAMB,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is plaintiff's motion to remand (Doc. 39). Specifically, plaintiffs move the Court to remand this case to the Perry County, Illinois Circuit Court as diversity of citizenship between the parties no longer exists with the addition of two defendants, Gary Powell and Donald Lamb. Defendants oppose the motion to remand arguing that the addition of these two defendants "is a little more than a naked attempt to destroy diversity jurisdiction." (Doc. 46). Based on the following, the Court **GRANTS** the motion.

Plaintiff filed this lawsuit in Perry County, Illinois Circuit Court asserting strictly liability and negligence claims against Joy Manufacturing Company, negligence claims against Gary Powell and a negligence claim against Magnum Steel

Works, Inc. (Doc. 2-1). On November 22, 2013, defendants, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removed the case this Court based on diversity jurisdiction asserting that the claims against Powell (the only non-diverse defendant) were fraudulent (Doc. 2). On January 7, 2014, the Court dismissed without prejudice the claims against Magnum Steel Works, Inc. (Doc. 16) and on May 7, 2014, the Court granted a joint motion to dismiss without prejudice and without costs the claims against Powell (Doc. 25).

More recently, the Court granted plaintiff's motion for leave to file first amended complaint and to add additional party defendants (Doc. 37). Plaintiff filed the first amended complaint on February 11, 2015 (Doc. 38). Subsequently, on February 13, 2015, plaintiff moved to remand the case (Docs. 39 & 40). Plaintiff argues that since the first amended complaint added two defendants, Gary Powell and Donald Lamb, who are Illinois citizens and since plaintiff is also an Illinois citizen, the addition of Powell and Lamb destroys diversity jurisdiction and warrants remand to the Perry County, Illinois Circuit Court. Defendants filed their opposition along with affidavits in support (Docs. 46, 48, 49 & 50).

28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 759 (7th

Cir. 2009). In exercising its discretion, a district court should consider the following factors: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Id.*

Here, the Court previously granted plaintiff's motion to amend finding that the amendment was proper under Federal Rule of Civil Procedure 15 (Doc. 37). In granting that motion, the Court knew that the addition of Powell and Lamb would destroy diversity jurisdiction in this Court and would warrant remand of this case. In the motion to amend plaintiff maintains that "thereafter, and during the course of the past several months the parties have engaged in discovery and defendants have produced … thousands of pages of documents which in fact demonstrate that there is a reasonable and meritorious claim against both Mr. Powell and Donald Lamb." (Doc. 36, p. 2). Further, plaintiffs maintain that "each of these individuals had specific responsibilities to this machine and this customer, including responsibilities to warn and instruct about hazards associated with operation of the machine, and in fact, as plaintiff has alleged, plaintiff's decedent as well as other continuous miner operations relied upon the superior knowledge, skill and training that these individuals had with reference to the operation, design and hazards associated with the machine." (Doc. 39). Moreover, plaintiffs maintain that "it is clear that in fact these individuals did owe a separate duty to Knight Hawk since both of them were specifically assigned, by their own admission,

to provide maintenance guidance to plaintiff's employer." (Doc. 36, p. 5). The Court finds that plaintiff's purpose was not to defeat jurisdiction and that plaintiff timely moved to add the parties. Thus, under 28 U.S.C. § 1447(e), the Court finds that remand is proper.

On balance, the plaintiff would be severely hampered if not allowed to pursue her claims, on behalf of the estate, against the two recently added defendants. The work accomplished in the gathering of discover by each side in this case can easily be applied to the state action. Defendant is not prejudiced by remanding this action to the forum in which it belongs. The self-serving affidavits used to defend against this motion simply contradict that discovery which the Court considering in allowing the amendment to the complaint in the first instance.

Accordingly, the Court **GRANTS** plaintiff's motion to remand (Doc. 36). Because the Court lacks subject matter jurisdiction over plaintiff's first amended complaint, the Court, pursuant to 28 U.S.C. § 1447(e), **REMANDS** this matter to the Perry County, Illinois Circuit Court. Lastly, the Court **DENIES as moot** the pending motion to dismiss (Doc. 47).

**IT IS SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2015.05.05 15:24:39 -05'00'

**United States District Judge**